UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioners' Request for Preliminary Injunction [4]

## I. INTRODUCTION

On November 24, 2025, Lucio Gutierrez Garcia, Manuel Duran Armenta, Danna Luciano, Eleutereo Anibal Santos Vasquez, Gustavo Guzman Gonzalez, Pablo Tampa Mendoza, Oscar Danilo Cortez Mencos, and Edwin Solares Argueta (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("TRO") against Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz Jr., Fereti Semaia, Executive Office for Immigration Review, Immigration and Customs Enforcement ("ICE"), and the U.S. Department of Homeland Security (collectively, "Respondents"). (ECF Nos. 1, 4.) Petitioners, noncitizens who have been charged as inadmissible for being present in the United States without admission, are in ICE custody pending removal proceedings.

The Court denied Petitioners' original *Ex Parte* Application for a TRO, in which Petitioners requested the Court's order that Petitioners be either released from custody or provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). (ECF Nos. 4, 7.) On December 11, 2025, Petitioners requested the Court to consider the instant preliminary injunction on the same grounds. (ECF Nos. 4, 10.) For the following reasons, the Court **GRANTS** the Request for a Preliminary Injunction ("Preliminary Injunction").

## II. FACTUAL BACKGROUND

Petitioners allege the following in their Preliminary Injunction:

Petitioners are eight individuals currently in ICE custody pending removal proceedings. ICE has charged Petitioners as admissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted. Prior to their arrests, Petitioners were residing in the United States without being formally admitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

The Board of Immigration Appeals recently determined that noncitizens who are present in the United States without admission, like Petitioners, are not eligible for a bond redetermination hearing before an immigration judge. *Matter of YAJURE HURTADO*, 29 I&N Dec. 216 (BIA 2025). Specifically, *Matter of YAJURE HURTADO* holds that noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled are ineligible for bond redetermination hearings because they qualify as applicants seeking admission under 8 U.S.C. § 1225(b)(2)(A). Before this decision, noncitizens like Petitioners who were present in the United States without admission were considered detained pursuant to 8 U.S.C. § 1226(a). Federal regulations pursuant to 8 U.S.C. § 1226(a) allow for noncitizens to obtain a bond redetermination hearing before an immigration judge, assuming the noncitizen's criminal history does not render them ineligible for such a hearing. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19.

### III. JUDICIAL STANDARD

"[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is "never awarded as of right." *Id.* at 24. A plaintiff must show: (1) likelihood of success on the merits; (2) likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest (the "*Winter* test"). *Id.* at 20. The Ninth Circuit has adopted an alternative sliding scale approach, in which the elements of the *Winter* test are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For instance, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132.

### IV. DISCUSSION

Petitioners allege their continued detention violates their right to a bond redetermination hearing under 8 U.S.C. § 1226(a). Accordingly, Petitioners seek a preliminary injunction requiring Respondents to release them from custody or to provide them with an individualized bond hearing before an immigration judge within seven days. Respondents argue the Court lacks jurisdiction over the matter. In the alternative, Respondents argue Petitioners have not met the requirements for a preliminary injunction. The Court begins by considering whether it has jurisdiction over the matter, then proceeds to consider whether Petitioners have satisfied the *Winter* test.

#### A. Jurisdiction

Respondents argue that 8 U.S.C. §§ 1252(b)(9) and (g) deprive the Court of jurisdiction over Petitioners' claims. The Court addresses each subsection in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

    1.    <u>8 U.S.C. § 1252(b)(9)</u>

Section 1252(b)(9) provides:

> *Judicial review of all questions of law and fact*, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter *shall be available only in judicial review of a final order* under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

Respondents argue that 1252(b)(9) precludes review of any removal-related activity unless it is done through the petition for review process in the court of appeals of a final order of removal. More specifically, Respondents argue that Petitioners' contestation of the government's decision to detain them, instead of allowing for a bond redetermination hearing, arises from the Department of Homeland Security's ("DHS") decision to commence removal proceedings. Therefore, Petitioners' request is "arising from any action taken . . . to remove an alien." 8 U.S.C. 1252(b)(9). The Court disagrees. The Supreme Court has held that Section 1252(b)(9) does not present a jurisdictional bar in a case involving a noncitizen's challenge to his continued detention without a bond hearing pending his removal from the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 291–95 (2018). The Court found that such an expansive view of "arising from" would lead to "staggering results," effectively making any claims of prolonged detention unreviewable. *Id*. at 293.

Respondents appear to argue that *Jennings* is inapplicable because Petitioners are challenging the decision to detain them in the first place. *Jennings* noted that there were certain circumstances, such as when petitioners "challeng[e] the decision to detain them in the first place" in which Section 1252(b)(9) may provide a jurisdictional bar. *Id*. at 294–95. However, *Jennings* also involved a noncitizen's challenge to an absence of an individualized bond hearing while in detention, a very similar circumstance to Petitioners'. And it was in *Jennings* that the Supreme Court stated that this absence of individualized bond hearing was *not* a "decision to detain them in the first place." *Id*. at 294–95. The Court declines to find that Petitioners are challenging a decision to detain themselves in the first place, when *Jennings* already expressly overruled that possibility, and this case possesses factual similarities to *Jennings*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

    2.    <u>8 U.S.C. § 1252(g)</u>

Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien* under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

Respondents argue that Petitioners' claims stem from their detention during removal proceedings—detention that arises from the government's decision to "commence proceedings" against them, so the Court does not have jurisdiction to hear their claims. The same reasoning discussed above with respect to Section 1252(b)(9) applies here. The "arising from" language in Section 1252(g) only applies to the "three specific actions" in 1252(b)(9), namely, the Attorney decision's decision to (1) commence proceedings, (2) adjudicate cases, or (3) execute removal orders. *Jennings*, 583 U.S. at 294 (citing *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999)); 8 U.S.C. § 1252(b)(9). The Supreme Court found it "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *American-Arab Anti-Discrimination Comm.*, 525 U.S. at 482. Petitioners challenge the decision to hold them in detention without an option for a bond redetermination hearing, which is a separate action from "commenc[ing] proceedings." Therefore, Section 1252(g) is not a jurisdictional bar.

    B.    <u>*Winter* Test</u>

        1.    <u>*Likelihood of Success on the Merits*</u>

Petitioners argue they are likely to succeed on their claims that their ongoing detention under Section 1225(b)(2) is unlawful because Section 1226(a) governs their detention. Respondents argue that Petitioners are not likely to succeed on their claims because Petitioners were present in the United States without having been admitted and are thus "applicant[s] for admission" under Section 1225(a)(1), who are subject to mandatory detention under Section 1225(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

Section 1226(a) provides that:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. 1226(a).

Subsection (c) of Section 1226 prohibits certain noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) by virtue of their presence in the United States without being admitted (like Petitioners) from being released on bond *if* the noncitizen has also been:

> charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person

*Id.* § 1226(c)(1)(E).

Section 1225, on the other hand, instructs that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 also has a mandatory detention provision whereby, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A).

The Court agrees with Petitioners that their continued detention pursuant to Section 1225(b)(2)(A) is likely unlawful because Section 1226(a) governs their detention. First, Section 1226(c)(1)(E) applies to those who are inadmissible under 8 U.S.C. § 1182(a)(6), including noncitizens "present in the United States without being admitted or paroled," *and* who have committed certain crimes. 8 U.S.C. § 1182(a)(6)(A)(i). This naturally leads to a reading that those who are inadmissible under § 1182(a)(6), but who have not committed certain crimes, such as Petitioners, would be governed by the catch-all provision of Section 1226(a). Such an interpretation is further bolstered by the Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
|---|---|---|---|
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

Court's reading that "§ 1226 applies to aliens already present in the United States" *Jennings*, 538 U.S. at 303.

Furthermore, if Respondents' argument that Section 1225(b)(2)(A) governs those who are present in the U.S. without inspection was accurate, there would be no need for Section 1226(c)(1)(E) because those noncitizens would already be deemed ineligible for a bond hearing under Section 1225(b)(2)(A). Such an interpretation would be inconsistent with the canon against superfluities. *See Shulman v. Kaplan*, 58 F. 4th 404, 410–11 (9th Cir. 2023) (Courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.") (quoting *Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015)).

Respondents argue that since there is "an irreconcilable conflict" between Section 1226 and Section 1225, under ordinary canons of statutory interpretation, the more specific provision, Section 1225, should govern. *See Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1015 (9th Cir. 2017). But the Court sees no such irreconcilable conflict. As this Court has held before, "[t]he most likely explanation is that the two provisions apply to different classes of noncitizens." *Benitez v. Noem*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *see Jennings*, 583 U.S. at 281, 297 (noting that Section 1226 applies to "certain aliens *already in the country*," while Section 1125(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added). Thus, the Court finds that Section 1226(a) applies to Petitioner's detention.

    2.    *Likelihood of Irreparable Harm*

In the absence of a preliminary injunction, Petitioners will continue to be detained and denied a bond hearing before an immigration judge. Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Accordingly, the Court finds that Petitioners are likely to suffer irreparable harm in the absence of a preliminary injunction.

    3.    *Balance of the Equities and Public Interest*

The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Court agrees with Petitioners that because the lack of a bond redetermination hearing is likely inconsistent with federal law, the balance of hardships and public interest factors weigh in favor of a preliminary injunction. *See Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019). The preliminary injunction would fulfill Respondents' compelling interest in steady enforcement of immigration laws. Allowing Respondents to detain Petitioners under Section 1225 likely violates immigration laws, which would be contrary to the proper

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-03156-RGK-MAA | Date | December 19, 2025 |
| Title | *Dana Luciano et al v. Kristi Noem et al* | | |

enforcement of immigration laws. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a preliminary injunction.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioners' Preliminary Injunction. The Court hereby **ORDERS** that:

- Respondents shall provide each Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond, within seven (7) days of this Order.[1]

**IT IS SO ORDERED.**

|   |   |
|---|---|
| Initials of Preparer | JRE/gz |

---

[1] Federal Rule of Civil Procedure 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation omitted). Here, the Court waives the security requirement, as it is unlikely that Respondents will incur any significant cost.